IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LIZA YVONNE ROSALES,

    Plaintiff,

v.                                                    No. 21-cv-0842 MV-JHR

WNMCF, *et al*,

    Defendants.

**ORDER EXTENDING PAYMENT DEADLINE AND
DENYING REQUEST FOR COUNSEL**

    This matter is before the Court on Plaintiff's Application for Free Process and Motion to Appoint Counsel (Docs. 9, 10). Plaintiff is incarcerated and proceeding *pro se* in this Prisoner Civil Rights Action. As to the request for free process, the Court already granted leave to proceed *in forma pauperis* and assessed an initial payment of $114.57. (Doc. 8) (IFP Order). The initial payment is required by statute; it represents 20 percent of the greater of Plaintiff's average monthly deposits or balance. *See* 28 U.S.C. § 1915(b). The Application for Free Process does not address the IFP Order, nor Plaintiff does not attach an up to date account statement showing she has a zero balance and has not received funds since entry of the IFP Order. Accordingly, the Court will deny the Application for Free Process (Doc. 10) but extend the payment deadline through February 28, 2022. The failure to timely comply with the payment mandate will result in dismissal of the case without further notice.

    As to the remaining motion, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*,

685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of asking a local attorney to represent Plaintiff on a *pro bono* basis. The facts are not particularly complex. Beyond citing her indigence - which unfortunately is a factor in most *pro se* cases - Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion to Appoint Counsel (Doc. 9).

**IT IS ORDERED** that Plaintiff's Application for Free Process (**Doc. 10**) is **DENIED**, **in part**; but the deadline for Plaintiff to submit an initial payment of **$114.57** is extended through **February 28, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 9**) is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE